DAVID RUCH v. STATE OF OHIO.

**1. Falsity of Statement of Witness in Murder Case Provable in Perjury Prosecution.**

In a prosecution for perjury for falsely swearing in a murder case that he saw the murdered man knocked down by another at a certain place, the falsity of the statement may be proved by a witness who was either with the murdered man at the time, or with the witness accused of perjury.

**2. Counsel's Statement to Jury in Murder Case Outlining Defense Competent in Perjury Case to Show "Material Matter" Falsified.**

The statement to the jury of counsel for the accused in a murder case outlining the defense, presents an issue of fact for the determination of the jury, and may be introduced in evidence in the trial for perjury of a witness who testified in the murder case, as tending to show that the perjured testimony was "as to a material matter in a proceeding before a court."

**3. Charge on Reasonable Doubt in Perjury Prosecution that Acquittal of Guilty Person Weakens Safeguard of Society not Erroneous.**

In a trial for perjury it is not error for the trial judge to charge the jury as follows: "It is proper for the court to remind you that the issue in this case is to the defendant of so grave a nature, and to the public safety and the proper administration of justice of such vital importance, that upon your part there should be no error. In considering the rights of the accused, if you should be convinced in your judgment beyond a reasonable doubt of his guilt as charged in the indictment, do not forget that by each acquittal of a guilty person the safeguard erected by society for its protection is weakened. By the nonenforcement of penalties affixed to criminal acts, contempt for the law is bred among the kind of persons that it is intended to restrain."

[Syllabus by the court.]

ERROR to common pleas court.

*Musser, Kimber & Huffman,* for plaintiff in error.

*H. F. Castle,* Pros. Atty., and *C · P. Kennedy,* Asst. Pros. Atty., for defendant in error:

Cited and commented upon by the following authorities: Wharton, Crim. Ev. (10 ed.) 791 *; Jones* v. *State,* 26 Tex. App. 1 [9 S. W. Rep. 53] ; *People* v. *Boody,* 172 N. Y. 165 [64 N. E. Rep. 807] ; *Flemister* v. *State,* 81 Ga. 768 [7 S..E. Rep. 642] ; *Franklin* v. *State,* 38 Tex. Cr. 346 [43 S. W. Rep. 85] ; *Plummer* v. *State,* 33 Tex. Cr. R. 202 [33 S. W. Rep. 228] ; 1 Elliott, Evidence Sec. 15; Underhill, Crim. Ev. Sec. 3073; 12 Cyc. 426; 16 Cyc. 1202; *State* v. *Courtright,* 66 Ohio St. 35 [63 N. E. Rep. 590].

**WINCH, J.**

Plaintiff in error was convicted of perjury, sentenced to three years in the penitentiary, and sentence suspended during good behavior. He claims that his sentence should be set aside for three reasons: first, because the state failed to prove its case against him; second, because improper evidence was admitted on the trial, and, third, because the court erred in its charge to the jury.

In considering the first allegation of error, it is necessary to examine the details of the charge of perjury made against the accused and the facts which must be proved by the state in order that a conviction may be had for that crime.

David Ruch was a witness for the defendant in the case of State v. Ross, who was accused of killing one Harry Hanna by means of a blow with a heavy stick upon the head of Harry Hanna, which caused a fracture of the skull and a hemorrhage resulting in the formation of a blood clot within the skull which pressed upon the brain until it caused death.

Ross was convicted of manslaughter. In his trial he admitted striking a blow with a stick upon the head of Harry Hanna, but claimed that the blow struck was delivered when he was lawfully ejecting Hanna from his saloon at midnight on a Saturday night, that it was delivered in self-defense, and that the blow was not sufficient to have caused the death of

Ruch v. State.

Hanna. During his trial he introduced evidence that Hanna that night had received other injuries upon his head which might have caused death: one a fall upon the pavement in the rear of the rathskeller in the city of Akron, after Hanna had left his saloon; and the plaintiff in error, David Ruch, was offered as a witness in behalf of Charlie Ross, and testified that at twenty minutes after 12 o'clock on the night Hanna was injured, he saw him knocked down by a man on West Market street, some distance from Ross' saloon, which was on Howard street, and that this man afterwards bent over Hanna as if to go through his pockets and rob him.

Ruch also testified in the Ross case that he kept Hanna in sight after he arose from this attack, and saw him stagger until he had proceeded east to Howard street and south on that street to the rathskeller, where he also saw him fall on the pavement.

The undoubted purpose of this evidence of Ruch was to suggest that Hanna came to his death as the result of the blow given him when he was felled to the ground on West Market street by a man whom he described in such a way as to fasten suspicion upon one William Metzger, who was the companion of Hanna in the saloon when Ross put them out and was the principal witness for the state in the case against Ross.

That Ruch gave the testimony claimed to be perjured on oath lawfully administered in a proceeding before a court, was admitted by him, but that it was false, he denied and he still insists that the falsity of his testimony was not established upon his trial by that amount of evidence which is required in perjury cases.

On this subject the court properly charged the jury, according to the rule laid down in the case of *State* v. *Courtright,* 66 Ohio St. 35 [63 N. E. Rep. 590], as follows:

" 'It is the law of this state that there can not be a conviction of perjury on the sole testimony of one witness.' To warrant a conviction under an indictment for perjury there should be at least one witness to the falsity of the matter assigned as false. It is then essential that the testimony of this

witness be corroborated, either by another witness, or by cir-
cumstantial evidence sufficiently strong to satisfy you beyond
a reasonable doubt of the guilt of the accused.''

It is claimed that no witness to the falsity of Ruch's testi-
mony was introduced, but that he was convicted upon circum-
stantial evidence alone.

On this point it is proper to note that Ruch testified that
he saw Hanna knocked down by a man on West Market street
at twenty minutes after twelve. It was necessary for the state
to prove that he did not see Hanna knocked down at that time
and place. This it could prove by a witness who was either
with Ruch at the time, or with Hanna at the time.

It produced such a witness in the person of William Metz-
ger, who testified that he went into Ross' saloon with Hanna
before 12 o'clock, left the saloon with him and continued with
him until half-past twelve, accounting for their actions all that
time until he left Hanna at the corner of Market and Howard
streets, after seeing him start south on Howard street. He
testified positively that Hanna was not on West Market street
all that time, which included the time set by Ruch when he saw
Hanna on West Market street, and so, if Metzger was telling
the truth, Ruch perjured himself.

The evidence of other witnesses was also given, corrobora-
ting Metzger's statements as to where he and Hanna were dur-
ing the half hour after midnight, and where Hanna was there-
after until his death, so that the rule was complied with and
the falsity of Ruch's testimony was abundantly proven.

The second claim of error—that improper evidence was
admitted over the objection of plaintiff in error—is involved
in the first proposition, for the ruling complained of was the
admission in evidence against Ruch of the opening statement
of counsel for Ross in the Ross case, in which said counsel
stated, among other things:

''We expect to show this fellow (Hanna) was staggering
around town and been knocked down by other people, and been
robbed, and had fallen down at least half a dozen times on the
pavement, and on the curbing and sidewalk, striking his head.

Ruch v. State.

"The evidence will also show that when the police searched him there was only $3.69 on his person—that this money had disappeared somewhere. That's part of our evidence that he was robbed and suffered violence."

It was claimed for this evidence in the Ruch case that it proved the materiality of his testimony in the Ross case, and that was a thing necessary for the state to prove, for the statute, Sec. 12842 Gen. Code, requires that the falsehood charged must be "as to a material matter in a proceeding before a court."

No complaint is made that the state failed to show that Ruch's false testimony was as to a material matter in the Ross case, and indeed no such complaint could be made, for it bears internal evidence that it was as to a material matter; but it is claimed that it was error to admit the statement of counsel for Ross, outlining his defense, as evidence that Ruch's testimony was as to a material matter, for, as it is said, counsel for Ross was not counsel for the witness Ruch and could not bind the latter as to whether his testimony was upon a material matter or not.

It may be true that counsel for Ross could not make an admission in the Ross case which would bind Ruch in the perjury case, but his statement to the jury in the Ross case presented an issue for its determination in that case as certainly as an answer of a defendant in a civil case would do to make up an issue therein, for there are no pleadings in a criminal case and the issues are made up by the indictment and plea, and under the plea the evidence of the defendant.

To prove that Ross did not kill Hanna, counsel said he would show that somebody else did, and to show this he offered Ruch's testimony. An examination of it shows that it was offered for no other purpose.

Confessedly it was material to Ross' defense, and no prejudicial error resulted from permitting the statement of counsel for Ross in the murder case, to go to the jury in the perjury case.

The third allegation of error is in regard to that portion of the charge to the jury wherein the trial judge said:

"It is proper for the court to remind you that the issue in this case is to the defendant of so grave a nature, and to the public safety and the proper administration of justice of such vital importance, that upon your part there should be no error.

"In considering the rights of the accused, if you should be convinced in your judgment beyond a reasonable doubt of his guilt as charged in the indictment, do not forget that by each acquittal of a guilty person the safeguard erected by society for its protection is weakened. By the nonenforcement of penalties affixed to criminal acts, contempt for the law is bred among the kind of persons that it is intended to restrain."

It is claimed by this statement the court emphasized too strongly the duty of the jury in its consideration of the case in rendering a verdict on behalf of the state.

Such can not be the case. It was proper for the court to remind the jury that the case was of importance to the state as well as to the accused. He is to be commended for saying what he did about the crime of perjury, as is the prosecuting attorney for bringing the case and prosecuting it to a conviction.

The testimony of Ruch in the Ross case is set out in full in the record of his own case. It shows falsehood upon its face. It was a deliberate effort on the part of Ruch to thwart justice, and deserves the severest censure a judge can give it, for what use are judges and juries if perjury is committed with impunity?

This crime is altogether too prevalent in both civil and criminal cases. It goes unrebuked too often, because it is so common that officials as well as the public generally become accustomed to it.

Perjury lays its ax at the roots of justice. It saps its life until it withers and decays. The whole growth of justice is from truth; without it, it can not live.

> "Vice is a monster of so frightful mien
> As, to be hated needs but to be seen;
> Yet seen too oft, familiar with her face
> We first endure, then pity, then embrace."

Ruch v. State.

We have endured perjury too long; the difficulty of convicting of perjury, because of the burden put upon the prosecutor by the law, as somewhat indicated in the propositions discussed in this case, and the paucity of convictions when indictments have been reluctantly returned in clear cases, shows that we pity the perjurer, and it it high time in these stirring years of reform that miscarriage of justice in grave cases which offend all the people should be minimized by more drastic efforts to clear the temple of justice of all offenders. An enlightened public opinion upon this subject is first needed, and then, perhaps, our judges and prosecutors will better appreciate their duty in this respect. A good example has been set the people of Summit county by prosecutor, judge and jury in this case.

It may be that judges would awaken to their duty sooner if the legislature of this state were to authorize them, as they are authorized in New York state, when it appears probable that a witness has committed perjury, to immediately commit him to jail, or take a recognizance for his appearance to answer an indictment for perjury.

David Ruch had a fair trial on his indictment for perjury. No error intervened therein. He was leniently dealt with in his sentence, for it was suspended on condition that he would quit drinking, keep out of saloons, and behave himself as a good citizen. He has nothing to complain of.

The judgment is affirmed.

**Grant** and **Meals, JJ.,** concur.